FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2018 FEB 23 PM 3: 07

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

NANCY MONTGOMERY WARE,

    Plaintiff,

    v.

    Case No. 8:18 cv 452 T 33 A EP

INTERNAL REVENUE SERVICE,

    Defendant.

_____/

### PLAINTIFF NANCY MONTGOMERY WARE'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Nancy Montgomery Ware, DDS ("Dr. Montgomery"), by and through undersigned counsel, files this Complaint for injunctive relief and damages against the Internal Revenue Service ("IRS" or "the Service") to compel the Service to comply with the Freedom of Information Act ("FOIA"), codified at Title 5, United States Code, Section 552. Dr. Montgomery requested three categories of agency records from IRS pursuant to FOIA, all of which relate to taxable years 2000, 2001, 2002, 2003, and 2004: the entire Examination Division Administrative File for those periods (the "Examination Division File"), the entire Collections Division Administrative File for those periods (the "Collections Division File"), and any and all records pertaining to Dr. Montgomery's Request for Abatement of Civil Fraud Penalties On Equitable Grounds dated October 27, 2016 and the Supplement to that Request dated December 22, 2016 (collectively, the 2016 Abatement Request).

To date, the IRS has improperly withheld records requested as to all three categories. With respect to the FOIA request for records pertaining to the 2016 Abatement Request, the IRS has

1

failed to produce any records. The IRS has not claimed that they do not exist or are not in the Service's custody or control. The IRS has likewise not alleged that the records are being withheld due to any exemptions under the FOIA. The IRS has simply refused to provide the requested records without any explanation or justification.

With respect to the Examination Division and Collections Division Files, the IRS has produced some records in response to those requests, but has also withheld numerous records without sufficiently identifying them in a manner to allow Dr. Montgomery determine whether the various exemptions were properly invoked by the Service. Thus, Dr. Montgomery brings this action for injunctive relief and damages to compel the IRS to search for and disclose the records to which she is entitled.

## I. JURISDICTION AND VENUE

1. Plaintiff Nancy Montgomery Ware is a resident of Gulfport, Florida within the Middle District of Florida.

2. The IRS is an agency of the United States within the meaning of Title 5, Section 552(f)(1), United States Code with its headquarters at 1111 Constitution Avenue NW, Washington, D.C. 20224 and has possession and control over the records that Dr. Montgomery seeks in her FOIA requests.

3. This Court has jurisdiction over this action pursuant to Title 5, Section 552(a)(4)(B) and Title 28, Section 1331 of the United States Code.

4. Venue properly lies in this district pursuant to Title 5, Section 552(a)(4)(B) and Title 28, Section 1391(e) of the United States Code.

## II. THE FREEDOM OF INFORMATION ACT

5. Federal agencies, such as the IRS, are required under FOIA to release agency records to the public unless a valid statutory exemption applies. 5 U.S.C. § 552(a)(3)(A).

6. Requested records are "agency records" under FOIA if the agency created or obtained them and the agency controlled them at the time requested. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).

7. If the agency either fails to respond within the statutory period or fails to provide the complete set of records requested, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

8. While FOIA permits the requester to file suit immediately upon exhaustion of administrative remedies, it also requires agencies to establish an administrative appeals procedure. 5 U.S.C. § 552(a)(6)(A)(i)(I)(aa).

9. FOIA confers upon this Court jurisdiction to review, *de novo*, an agency's failure to provide requested records and to order the production of any records improperly withheld from the requester. 5 U.S.C. § 552(a)(4)(B).

10. FOIA permits this Court to assess reasonable attorney's fees and other litigation costs in any FOIA action where the plaintiff has substantially prevailed. 5 U.S.C. § 552(a)(4)(E).

## III. BACKGROUND

11. On January 6, 2017, Dr. Montgomery filed a FOIA request with the IRS seeking records relating to taxable years 2000 through 2004, inclusive. In that January 6th request, she specifically requested the following records for that period of time:

> The entire Examination Division Administrative File for any and all audits and all papers and dividers included therein, including but not limited to all documents, reports, revenue

> Agent work papers, notes, investigative histories, Revenue Agent work logs, schedules, reports of interviews, memoranda of interviews, information received from third parties, memoranda, email communications, text message communications, voicemail messages, telephone call slips, or notes, and all other similar type papers prepared or accumulated relative to this examination which for any reason are not otherwise included in the administrative file;

> The entire Collection Division Administrative File and all papers and dividers included therein, including but not limited to all documents, reports, activity logs, schedules, reports of interviews, memoranda of interviews, information received from third parties, memoranda, email communications, text message communications, voicemail messages, telephone call slips, or notes, and all other similar type papers prepared or accumulated relative to collection activity for the above taxpayer which for any reason are not otherwise included in the administrative file; and

> Any and all records, documents, reports, memoranda, email communications, text message communications, voicemail messages, and typed or handwritten notes pertaining to the taxpayer's Request for Abatement of Civil Fraud Penalties On Equitable Grounds dated October 27, 2016 (the "Request") and the Supplement to that Request dated December 22, 2016.

12. The Service provided an "interim response" by letter dated April 10, 2017 which included the production of a portion of the requested records. The interim response indicated that the IRS was still attempting to locate records responsive to the item 2 of the request, *i.e.*, the Collections Division File. The interim response indicated that the IRS located 556 pages responsive to items 1 and 3 of the request, *i.e.*, the Examination Division File and 2016 Abatement Request.

13. The IRS' interim response did not include any records pertaining to the 2016 Abatement Request.

14. In fact, the latest internal action referenced in IRS' interim response reflected an action date of July 28, 2016, or three months <u>before</u> the 2016 Abatement Request was submitted on October 27, 2016 and supplemented on December 22, 2016.

4

15. The IRS' interim response included 38 pages of records redacted in part or in full without adequately identifying the type of record withheld and reasons therefor.

16. The Service provided its "completed" response by dated May 5, 2017. The completed response purported to provide 237 pages of records responsive to item 2 of the FOIA request, namely, the Collections Division File.

17. The IRS' so-called completed response included 19 pages withheld in full and 82 pages withheld in part without adequately identifying the type of record withheld and reasons therefor.

18. Dr. Montgomery filed a timely administrative appeal with the IRS on June 21, 2017 arguing that 1) IRS did not fully respond to the FOIA request by failing to produce records relating to the 2016 Abatement Request; and 2) IRS failed to adequately describe the records it withheld.

19. IRS acknowledged receipt of Dr. Montgomery's FOIA administrative appeal by letter dated June 28, 2017 but has not yet responded with a decision.

20. As of the date of this Complaint, the IRS has failed to fully disclose all of the records requested by Dr. Montgomery in her FOIA requests.

21. The statutory deadline for the IRS to fully respond has expired, therefore, Dr. Montgomery has exhausted her administrative remedies within the meaning of the Act.

### IV. RELATED CASE

22. Dr. Montgomery requested the records under FOIA to assist her to comprehend what happened to her 2016 Abatement Request and to assist her in preparation for a pending motion's hearing before U.S. District Court Judge Moody in Tampa scheduled for hearing on April

25, 2018 in MDFL Case No. 8:07-cr-105-T-30EAJ. This hearing relates to two motions filed by Dr. Montgomery seeking a ruling from the District Court that when she paid $362,212.24 to the IRS in 2007 pursuant to her criminal case that it satisfied by agreement all of her tax, penalty, and interest obligations for the tax years at issue in the criminal case.

23. As result of her motions in the criminal case, the IRS offered to consider Dr. Montgomery's written request for an abatement of penalties and interest that were assessed by IRS well after she had already paid her restitution in full in 2007.

24. Relying on that agreement with IRS that the Service would consider her request for abatement, Dr. Montgomery's power of attorney submitted the "2016 Abatement Request" which consisted of two written submissions, *i.e.*, the Request for Abatement of Civil Fraud Penalties On Equitable Grounds dated October 27, 2016 and the Supplement to that Request dated December 22, 2016, which have been collectively referred to as the "2016 Abatement Request" in this Complaint.

25. Dr. Montgomery's power of attorney requested information directly from the Service relating to the 2016 Abatement Request but was told she would have to make a FOIA request to get those records.

26. As a result, on January 6, 2017, Dr. Montgomery filed the FOIA requests at issue in this Complaint but was provided no records at all relating to the 2016 Abatement Request.

## COUNT I – FOIA VIOLATION RELATING TO 2016 ABATEMENT REQUEST

27. Dr. Montgomery incorporates by reference the above paragraphs as if fully set forth in Count I.

6

28. The IRS is an agency subject to FOIA.

29. On January 6, 2017, Dr. Montgomery submitted a valid and proper FOIA request for records within the IRS' control relating to her 2016 Abatement Request.

30. Dr. Montgomery is entitled to the records requested relating to her 2016 Abatement Request under FOIA. The 2016 Abatement Request was presented to the IRS at the direction of IRS agents who represented that the documents delivered to the IRS agents would be presented to the proper department within the IRS to render an appealable determination.

31. The IRS failed to conduct an adequate search for records relating to the 2016 Abatement Request or alternatively the Plaintiff is concerned that the IRS may have lost or removed all documentation relating to the 2016 Abatement Request.

32. The IRS failed to comply with the statutory deadlines imposed by FOIA by failing to produce any responsive records.

33. By improperly withholding records requested relating to the 2016 Abatement Request, the IRS violated FOIA.

34. Dr. Montgomery has exhausted her administrative remedies under FOIA.

35. Any and all conditions precedent have been satisfied.

### COUNT II – FOIA VIOLATION RELATING TO EXAMINATION DIVISION AND <u>COLLECTIONS DIVISION FILES REQUEST</u>

36. Dr. Montgomery incorporates by reference the above paragraphs as if fully set forth in Count II.

37. The IRS is an agency subject to FOIA.

38. On January 6, 2017, Dr. Montgomery submitted a valid and proper FOIA request for records within the IRS' control relating to her Examination Division and Collections Division Files.

39. Dr. Montgomery is entitled to the records requested relating to her Examination Division and Collections Division Files under FOIA.

40. The IRS failed to comply with the statutory deadlines imposed by FOIA by withholding responsive records without adequate identification and description.

41. By improperly withholding records requested relating to the Examination Division and Collections Division Files, the IRS violated FOIA.

42. Dr. Montgomery has exhausted her administrative remedies under FOIA.

43. Any and all conditions precedent have been satisfied.

## **PRAYER FOR RELIEF**

WHEREFORE, Nancy Montgomery Ware prays that the Court will grant the following relief and any other such relief that the Court deems just and proper:

1) Order the IRS to conduct a reasonable search for any and all records responsive to Dr. Montgomery's FOIA requests;

2) Enjoin the IRS from withholding and order the IRS to produce to Dr. Montgomery the records she seeks pursuant to 5 U.S.C. § 552(a)(4)(B);

3) Order the IRS to conform with the rules relating to redacting documents; and

4) Assess against the IRS the reasonable attorneys' fees and other litigation costs Dr. Montgomery reasonably incurred in prosecuting this action pursuant to 5 U.S.C. § 552(a)(4)(E).

Respectfully submitted,

s/Matthew J. Mueller
Matthew J. Mueller, FBN: 047366
WIAND GUERRA KING, P.A.
5505 West Gray Street
Tampa, Florida 33609
Tel: 813-347-5100
Fax: 813-347-5198
Email: mmueller@wiandlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 23, 2018, I electronically filed the foregoing with the Clerk of the Court and the parties of record by using the CM/ECF system.

**s/Matthew Mueller**
*Attorney for plaintiff*
*Nancy Montgomery Ware*
